280 N.J. Super. 149 (1995)
654 A.2d 1014
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIE L. TUCKER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 23, 1995.
Decided March 14, 1995.
*150 Before Judges DREIER and BRAITHWAITE.
Susan L. Reisner, Public Defender, attorney for appellant (David M. Quirk, Designated Counsel, of counsel and on the brief).
John Kaye, Monmouth County Prosecutor, attorney for respondent (Mark P. Stalford, Assistant Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by BRAITHWAITE, J.S.C. (temporarily assigned).
Tried to a jury, defendant was convicted of robbery, N.J.S.A. 2C:15-1. Defendant was sentenced to an indeterminate term not to exceed five years at the Youth Correctional Institution Complex. We reverse.
*151 On November 14, 1992 at approximately 10:30 p.m., John Bonk left work and went to Pat's Bar in Belmar where he had several drinks. He left the bar at 1:00 a.m. and took a taxicab to an after hours club in Asbury Park. Bonk was refused admittance to the club and because the taxicab that brought him there had departed, he decided to walk to another location where he could call another taxicab.
According to the State's witnesses, the driver of one of two cars observed Bonk walking down the road. The witnesses testified that the two vehicles stopped, and defendant and passengers from both vehicles ran back to Bonk, knocking him to the ground with a punch to his face and stole his wallet. The group then returned to their cars but were observed by Lieutenant Khan, an off-duty police officer who was performing guard duty. Lieutenant Khan radioed to other officers who were able to stop the cars.
Defendant testified that Bonk had kicked his car as it passed him, and he and his friends stopped to see if defendant's vehicle was damaged. Defendant stated he noticed a footprint on his car, and with his friends, he ran back toward Bonk with the intention of assaulting him but not robbing him. Defendant further testified that before he reached Bonk, one of his friends punched Bonk in the head knocking him to the ground. Defendant and his friends returned to their cars, and he did not know that one of his friends had taken Bonk's wallet.
Bonk was unable to identify defendant or any of his friends by their faces, but did recognize their clothing. Bonk's wallet was recovered from under the seat of defendant's car and $55 was found on the seat. At trial, Lieutenant Khan identified defendant as one of the persons arrested in connection with the robbery.
On appeal defendant raises the following argument:

POINT I THE COURT'S FAILURE TO INSTRUCT THE JURY ON LESSER-INCLUDED OFFENSES CONSTITUTES REVERSIBLE ERROR.
At trial defense counsel objected to the judge solely charging robbery, and contended that the crime of hindering apprehension should have been charged since defendant drove the group away. *152 Although defendant never requested a charge on simple assault, he argues on appeal that the judge should have charged assault sua sponte. Assault is not strictly a lesser-included offense of robbery since the elements are slightly different. See State v. Sewell, 127 N.J. 133, 146-47, 603 A.2d 21 (1992). We need not address the issue of whether or not the court should have charged assault sua sponte because we are satisfied that the court's charge on accomplice liability "inadequately guided the jury in performing the critical task of determining defendant's guilt or innocence[.]" State v. Concepcion, 111 N.J. 373, 381, 545 A.2d 119 (1988).
The trial judge's charge on accomplice liability defined accomplice and discussed the sharing of the same purpose but it spoke in generalities only. The judge failed to fit the charge to the facts of the case.
[I]t is not always enough simply to read the applicable provision of the criminal code, define the terminology, and set forth the elements of the crime.... Ordinarily, the better practice is to mold the instruction in a manner that explains the law to the jury in the context of the material facts of the case.
[Id. at 379, 545 A.2d 119.]
The jury was obviously confused because after deliberating less than an hour they asked the following question: "Have to decide on theft only and/or as an accomplice in robbery including assault? In other words is there one charge or are we deciding one or the other of the above?" The court answered the question by telling the jury it was one charge. The jury resumed deliberations and a short time later sent out a note with five different questions: (1) "is the determination that he was an accomplice sufficient to convict him of the charge of robbery? (2) Please reiterate the definition of accomplice; (3) Please reiterate the definition of robbery." The fourth question demonstrated the jury's confusion when it asked whether "all participants need to have the same intent or can it be spontaneous? Can you be an accomplice to a crime not originally intended?" (There was also a fifth question not relevant here).
The judge re-read the accomplice charge but the only tailoring of the charge to the case was that he defined the crime in question *153 as the "robbery of John Bonk." The judge did, however, give the jury a written charge, but the balance of the charge again spoke in generalities.
By the judge merely recharging the jury in general terms as to robbery and accomplice liability, he did not really give the jury the guidance it was looking for. The jury should have been told that if it believed that defendant merely had the intention to assault the victim for kicking defendant's car, and another participant unbeknownst to defendant stole the victim's wallet, defendant could not be convicted of robbery since the State had not indicted defendant for assault as assault is not a lesser-included offense of robbery. In addition, the jury should have been told if defendant did not share the actual robber's intent, defendant should be acquitted.
We are satisfied that the accomplice charge was not related specifically to the facts of this case.
In this regard, it is `well settled in our State that the trial judge has the right, and oftentimes the duty, to review the testimony and comment upon it, so long as he clearly leaves to the jury' ... the ultimate determination of the facts and the rendering of a just and true verdict on the facts as it finds them.
[Ibid. (quoting State v. Laws, 50 N.J. 159, 177, 233 A.2d 633 (1967), reargued, 51 N.J. 494, 242 A.2d 333, cert. denied, 393 U.S. 971, 89 S.Ct. 408, 21 L.Ed.2d 384 (1968)).]
When there is conflicting testimony in a trial, incorporating specific evidentiary facts into the jury instructions is helpful in guiding the jury in its task of determining defendant's guilt or innocence. State v. Parker, 33 N.J. 79, 94, 162 A.2d 568 (1960); State v. Concepcion, supra, 111 N.J. at 380, 545 A.2d 119. Trial courts should be mindful of their duty to provide correct and comprehensible jury instructions in criminal cases, which duty includes "incorporating [therein], the evidentiary context of persons, places, thing[s] and events disclosed at trial." Id. at 379, 545 A.2d 119 (quoting Schwarzer, Communicating with Juries: Problems and Remedies, 69 Cal.L.Rev. 731, 741 (1981)).
We reverse the conviction and remand the matter for a new trial.